IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br>      Plaintiff,<br><br>v.<br><br>LARRY WHITE,<br>SUSAN WHITE,<br>WELLS FARGO BANK N.A.,<br>FIRST TENNESSEE BANK, and<br>MIKE HARRISON<br>      Defendants. | CIVIL NO: 3:15-cv-02068 |

# UNITED STATES' COMPLAINT

As authorized and directed pursuant to 26 U.S.C. § 7401, the United States of America brings this action to (1) reduce to judgment federal trust fund recovery penalties (TFRPs) against Larry White, as a responsible party of VRC LLC ("VSC") and of VSC LLC ("VRC") for the last three quarters of 2003, *i.e.* the quarters ending on June 30, 2003; September 30, 2003 and December 31, 2003; (2) foreclose federal tax liens for the TFRPs on property located in Dallas County, Texas; (3) obtain a sale of such property; and (4) award the 10% surcharge if the United States must use the remedies under Subchapter B or C of the Federal Collections Procedure Act.

## Jurisdiction and Venue

1. This Court has jurisdiction pursuant to 26 U.S.C. §§ 7402 and 7403, and 28 U.S.C. §§ 1331, 1340, and 1345 because this action arises under federal tax law, and the United States is the plaintiff.

2. Venue is proper pursuant to 28 U.S.C. §§ 1391(b) and 1396 because Defendant Larry White resides in Dallas County, Texas, and the property subject to this action is also located in Dallas County, Texas.

## Parties

3. Plaintiff is the United States of America.

4. Defendant Larry White is a party because he owes TFRPs. He may be served in Dallas, Texas 78010.

5. Defendant Susan White, the wife of Defendant Larry White, is a party because she may hold a homestead interest in the property to be foreclosed. She may be served in Dallas, Texas 78010.

6. Defendant Wells Fargo Bank N.A is a party because it may hold a lien interest in the Property subject to this suit. It may be served via its registered agent, Corporation Service Company, d/b/a CSC - Lawyers Incorporating Service Company, at 211 E. 7th Street, Suite 620, Austin, Texas 78701.

7. Defendant First Tennessee Bank is a party because it may hold a lien interest in the Property subject to this suit. It may be served via its registered agent, C T Corporation system, located at 1999 Bryan St., Ste. 900 Dallas, Texas 75201.

8. Mike Harrison is a party because he may claim an interest in the Property subject to this suit. He may be served in Dallas, Texas.

**Tax Liabilities**

9. Throughout 2003, Larry White performed multiple duties/functions for VRC, including but not limited to managing employees, directing payment of bills, dealing with major suppliers and customers, negotiating large corporate purchases, contracts and loans, and authorizing payroll checks.

10. Throughout 2003, Larry White performed multiple duties/functions for VSC, including but not limited to managing employees, and signing/countersigning payment of bills.

11. On or about March 28, 2005 and April 4, 2005, Defendant Larry White, as a responsible party for VRC and VSC, respectively, was assessed TFRPs for multiple quarters in 2003 and in the amounts as shown in the TFRP Schedule as follows:

| Quarter ending date | 3/28/2005 VRC Assessment Balance | 4/4/2005 VSC Assessment Balance | Total Due with Interest & Penalties to 3/30/2015 minus partial payments (if any) |
|---|---|---|---|
| 06/30/2003 | $89,614.40 | $7,056.75 | $59,637.98 |
| 09/30/2003 | $100,578.22 | $20,784.01 | $195,684 .96 |
| 12/31/2003 | $76,541.56 | $22,621.73 | $159,881.57 |
| Total Due by Larry White | | | $415,204.51 |

12. The total TFRP assessments made against Defendant Larry White for VSC and VRC total $415,204.51 as of March 30, 2015

13. On or about September 21, 2004, the IRS sent Defendant Larry White notice and demand to pay the TFRPs relating to VSC for each of the three quarters, but Defendant Larry White did not pay in full the amounts due.

14. On or about September 21, 2004, The IRS sent Defendant Larry White notice and demand to pay the TFRPs relating to VRC for each of the three quarters, but Defendant Larry White did not pay in full the amounts due.

15. Defendant Larry White further owes all interest and statutory additions that accrue from March 30, 2015, until the TFRPs are paid.

**The Property**

16. On or about August 31, 1992, Defendants Larry White and Susan White acquired certain real property in Dallas County, Texas ("the Property") via Warranty Deed, the Property having the following legal description:

> Lot 26 and the West 30 feet of Lot 25, Block 7, of UNIVERSITY PARK ADDITION, an Addition to the City of University Park, Dallas County, Texas, according to the Plat thereof recorded in Volume 2, Page 6, of the Map Records of Dallas County, Texas,

commonly known as 3648 McFarlin Blvd., Dallas, TX 75205.

17. On or about July 6, 1994, the legal description of the Property was changed via a replat to the following:

> Lot 26-R, Block 7 of Replat of the West 30 Feet of Lot 26, Block 7 to Lot 26-R, Block of University Park Addition, an Addition to the City of University Park, Dallas County, Texas, according to the Plat Thereof Recorded in Volume 94003, Page 187, Map Records, Dallas, County, Texas

18. Defendants Larry White and Susan White reside at, and have a homestead interest in, the Property.

**Liens on the Property**

19. Pursuant to 26 U.S.C. §§ 6321 and 6322, statutory liens arose on the assessment dates for the tax liabilities described in the TFRPs Schedule, and attached to all property or rights to property of Defendant Larry White on the date of assessment or acquired thereafter.

20. On or about the August 30, 2005, and on February 26, 2015, the United States filed notices of federal tax lien for the TFRPs relating to VRC and VSC against Defendant Larry White in the Office of the County Clerk in Dallas County, Texas. These liens encumber defendant Larry White's interest in the Property described in paragraph 16 that is the subject of this action.

21. On or about the February 26, 2015, the United States filed an additional notice of federal tax liens for the TFRPs relating to VSC against Defendant Larry White in the Office of the County Clerk in Dallas County, Texas. This lien encumbers defendant Larry White's interest in the Property described in paragraph 16 that is the subject of this action.

22. On or about March 8, 2011, an abstract of judgment was recorded in the Office of the County Clerk of Dallas, Texas, relating to a Texas District Court judgment awarded to Mike Harrison against Defendant Larry White.

## Causes of Action

**Cause No. 1 – Reduce Tax Liabilities to Judgment**

23. As of March 30, 2015, Defendant Larry White owes the United States $415,204.51, as a responsible party of VRC and VSC, for TFRPs for various quarters in 2003. He further owes all interest and statutory additions that continue to accrue from March 30, 2015, until the tax liabilities are paid.

**Cause No. 2 – Tax Lien Foreclosure**

24. Defendant Larry White is one of the owners of the Property.

25. On or about December 15, 2005, and February 26, 2015, the IRS filed notices of federal tax lien against Defendant Larry White in the Office of the County Clerk of Dallas, Texas. These liens encumber the Property described in paragraph 16 above. Also, pursuant to 26 U.S.C. §§ 6321 and 6322, statutory federal tax liens arose in favor of the United States of America, against all property and rights to property, whether real or personal, belonging to Defendant Larry White, as of the dates of the tax assessments described above, or acquired thereafter. The United States seeks a judgment foreclosing the federal tax liens and ordering the sale of the Property, to pay Defendant Larry White's TFRPs, and seeks a deficiency judgment against Defendant Larry White for any taxes remaining unpaid after the sales proceeds are applied to his tax debts.

**Cause No. 3 – Ten Percent Surcharge for Costs of Collection**

26. 28 U.S.C. section 3011 authorizes the United States to recover a surcharge of 10% of the amount of the debt in the event the United States avails itself of the pre-judgment or post

judgment relief as set forth in Subchapter B or C of the Federal Debt Collection Procedure Act, 28 U.S.C. §§3001 et. seq., in order to cover the cost of processing and handling the litigation and enforcement under this chapter of the claim for such debt.

### AFFIRMATIVE ALLEGATIONS THAT THE STATUTE OF LIMITATIONS FOR COLLECTION HAS NOT EXPIRED

27. I.R.C. § 6502(a) provides that the statute of limitations for collection expires ten (10) years after the date of assessment. The Internal Revenue Service made assessments against Larry White for the TFRP for VRC and VSC, on March 28, 2005 and April 4, 2005, respectively. Thus, without any extensions or suspensions, the assessments for these two sets of TFRPs could no longer be reduced to judgment.

28. However, under 26 U.S.C. § 6503(a)(1), the statute of limitations for collection is suspended for the period during which the Internal Revenue Service is prohibited from collecting by levy.

29. On October 3, 2005, the IRS received a Request for a Collection Due Process Appeal Hearing on behalf of Mr. White for the TFRPs, which prohibited the Internal Revenue Service from collecting by levy during the pendency of the appeal. The appeal concluded 147 days later, on February 27, 2006.

30. The ten-year statute of limitations for collection under 26 U.S.C. § 6502 was tolled for each TFRP by at least 147 days.

31. The statute of limitations for collecting the TFRPs relating to VRC and VSC was extended until at least August 22, 2015, and August 29, 2015, respectively.

### Prayer

The United States respectfully requests that the Court issue an order providing the following relief:

**Liability Judgment**

A.  That the Court reduce to judgment the quarterly TFRP liabilities in the amount of $415,204.51, including interest, penalties, and statutory additions, for which the United States seeks a judgment against Larry White, and for interest, penalties, and statutory additions on that amount from March 30, 2015 until paid;

**Tax Lien Foreclosure**

B.  That the tax liens, that encumber the Property be foreclosed, that the Property described above be ordered sold by the Internal Revenue Service or by a receiver approved by the Court, that the proceeds thereof be first applied to the costs of the sale and any ad valorem taxes, and then applied in satisfaction or partial satisfaction of the tax liens of the United States and in payment or partial payment of the of Defendant Larry White's TFRP liabilities;

**Litigation Surcharge**

C.  That the surcharge to which the United States is entitled under 28 U.S.C. § 3011 be awarded, corresponding to ten percent of the amount of the tax debt, to cover the costs of litigation and enforcement of the debt claim if the United States must use the remedies under sub-chapter B or C of the Federal Debt Collections Procedure Act; and

D.  That the United States have such further relief as this Court may deem just and proper, including its costs herein.

Respectfully submitted,

JOHN R. PARKER
Acting United States Attorney

/s/ Ignacio Perez de la Cruz
IGNACIO PEREZ DE LA CRUZ
Trial Attorney
Massachusetts Bar No. 672618
Ignacio.PerezdelaCruz@usdoj.gov
U.S. Department of Justice
Tax Division
717 N. Harwood, Suite 400
Dallas, Texas 75201
(214) 880-9759
(214) 880-9742 (Fax)

ATTORNEY FOR THE UNITED STATES